IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN WILLIAMS,            )
                           )
    Petitioner,            )
                           )
vs.                        )    Civil Action 11-00622-CG-N
                           )
GARY HETZEL,               )
                           )
    Respondent.            )

## REPORT AND RECOMMENDATION

On June 7, 2013,[1] Petitioner Kevin Williams ("Williams") was ordered (doc. 55) to show cause in writing by no later than July 8, 2013, "why his habeas petition ought not to be denied for the reasons stated by the Respondent in his Answer filed on July 2, 2012 (doc. 32).[2] Williams was cautioned that:

> IF THE PETITIONER, KEVIN WILLIAMS, FAILS TO TIMELY
> COMPLY WITH THIS ORDER, A RECOMMENDATION MAY BE
> ENTERED THAT WILLIAMS' HABEAS PETITION BE DISMISSED
> FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH
> THE ORDERS OF THIS COURT.

---

[1] Williams had been given a response deadline of August 2, 2012 (doc. 35), which was extended to August 24, 2012 (docs. 42, 45). When no response was filed by June 7, 2013, the Court allowed one final opportunity to respond by July 8, 2013 (doc. 55).

[2] Williams' first petition was filed on November 7, 2011 (doc. 1), but subsequently filed on the Court's form on November 18, 2011 (doc. 3). An Amended Petition was filed on December 19, 2012 (doc. 14), which was further amended on January 9, 2012 (doc. 19). Respondent's Answer was filed on February 22, 2013 (doc. 27). Respondent challenged Williams' petition, as amended, on grounds of failure to exhaust his state court remedies and lack of merit (doc. 32).

(Doc. 55 at 3). Williams has neither filed the requisite response nor sought an extension of time within which to do so.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(a) and (b) and Standing Order 6 at ¶ 4. Upon consideration of Williams' failure to comply with the Court's orders and the record as a whole, it is recommended that this action be **DISMISSED** for want of prosecution and failure to comply with the court's orders.

Williams has been given ample opportunity to respond to the Answer filed in this cause (see, docs. 35, 42, 45), but has failed to follow the Court's direct orders or heed the Court's warnings. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Shackelford v. Thaler, 2010 WL 4959938, *1 (N.D. Tex. Nov. 23, 2010), *citing* Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir.1988). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*., *quoting* Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir.1985) (*citing* Link v. Wabash R.R. Co., 370 U.S. 626 (1962)). Williams has failed to comply with direct orders of the Court. His disregard of the Court's orders warrants dismissal of this case. His habeas application should be dismissed for want of prosecution due to his failure to comply with this Court's Orders. *See* Slack v. McDaniel, 529 U.S. 473, 489 (2000) (stating in the federal habeas context that "[the petitioner's] failure to comply with an order of the court is grounds for dismissal with prejudice"); *see also* McFarland v. Scott, 512 U.S. 849, 856

(1994)("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

CONCLUSION

For the reasons set forth above, it is the recommendation of the undersigned that Williams' § 2254 petition be **DISMISSED** for want of prosecution and failure to comply with the Court's orders.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 3rd day of June, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**